CITY OF CHICAGO
v.
LILLIAN E. SMYTHE.

*Municipal Corporations—Streets—Condemnation of Private Property—Assessments—Interest.*

In an action to recover from a municipal corporation the value of land appropriated by it for street purposes, it appearing that possession thereof was taken by the city six months before the institution of proceedings to condemn the same, the ordinance which authorized such condemnation providing that the cost of the proposed improvement should be paid for by

special assessment upon property benefited to the amount the same could be legally assessed, the balance to be paid by general taxation, this court holds that, although the city has been unable to collect the special assessment levied, the deficiency must be made up from the general fund, and that interest is recoverable upon the value of the land from the time the city took possession thereof.

[Opinion filed April 17, 1889.]

Appeal from the Superior Court of Cook County; the Hon. Joseph E. Gary, Judge, presiding.

Messrs. John W. Green and Clarence A. Knight, for appellant.

Messrs. Miller, Leman & Chase, for appellee.

This common law action lies to recover for property actually taken and appropriated to public use. City of Chicago v. Wheeler, 25 Ill. 478; Clayburgh v. City of Chicago, 25 Ill. 535; Soulard v. City of St. Louis, 36 Mo. 552; Jamieson v. Springfield, 53 Mo. 224; Bigelow v. Turnpike Co., 7 Mass. 202; Lebanon v. Olcott, 1 N. H. 339; Battler v. Braintree, 14 Vt. 348; Corwith v. Hyde Park, 14 Ill. App. 635.

Soulard v. City of St. Louis, 36 Mo. 552, is a case illustrating this common law right of action. The plaintiff, Soulard, brought an action at law, alleging that the city, without notice to the owner or offering to make compensation, and without consent, opened and used a portion of plaintiff's land as a public street, and has ever since so used the same; that plaintiff had lately signified to defendant his assent to such opening and use on defendant's paying plaintiff the first value of such land; that the just and fair value thereof is $8,000, and asked judgment for $8,000. The charter of the city gave it power to open, widen, etc., streets, and provided that when it became necessary for that purpose to take private property, and no agreement could be made with the owner, the corporation should make just compensation therefor to the person whose property is so taken, and provided the manner in which property should be acquired. To this complaint the

city demurred 'and raised the question whether such action was sustainable, and the court sustained the action.

In City of Chicago v. Wheeler, 25 Ill. 478, where the city had taken property for a public street, and the damages had been assessed, an action of assumpsit on behalf of the property owner was sustained.

In Clayburgh v. City of Chicago, 25 Ill. 440, it was held that if the city authorities appropriate a party's land for a street, and neglect to collect a special assessment wherewith to pay him his damages, he may maintain an action on the case, or waive the tort and sue in assumpsit for the value of the land taken. The familiar principle that a tort may be waived and assumpsit for the value be maintained, is here applied to the case of the appropriation by the city of real estate for public use. The court say:

"It was objected that as this court had held that assumpsit might be maintained for the value of the land appropriated, the action of case would not lie. In many cases the party injured has his election whether he will sue in trespass or case, or will waive the tort and proceed for the value of the property. So in this case the plaintiff might rely upon the wilful refusal of the city authorities to discharge their duty, by which he has sustained injury, or he may waive the tort and proceed for the recovery of the value of the land which they have appropriated to the use of the city. We have no hesitation in saying that he may elect as to which form of action he will resort."

If the city had the power, after first taking plaintiff's property, to impose upon her the right of the city to get the money with which to pay her by a special assessment to be made, she could not be compelled to wait indefinitely therefor. This suit was brought two and one-half years after the judgment was entered in the condemnation case fixing the value of the land. After such a delay the city can not say that she shall wait longer to see if a special assessment can be collected. The city must show reasonable diligence and success.

In City of Chicago v. Wheeler, 25 Ill. 478, it was held that a delay of two years in collecting a special assessment was unreasonable, and made the city liable to action.

It is plain, however, that under the constitutional provision which authorizes private property to be taken for public use only on payment made, and not before payment, it is incompetent, either for the city, or the legislature, or the court, in any way to compel appellee to delay a day in demanding payment of, and bringing suit to collect for her land, which has been already taken for public use. When her land has been in fact taken, then the compensation is absolutely due. Phillips v. South Park Commissioners, 119 Ill. 626.

Even where, under constitutional provisions, it is competent for the legislature to authorize municipal corporations to take private property for public use without first making payment, it is held to be necessary that the legislature should also make certain and adequate provision by which the owner can coerce the payment of compensation without unreasonable delay. 2 Dillon on Mun. Corp. Sec. 615, and authorities cited. In People v. Hayden, 6 Hill, 361, Mr. Chief Justice Nelson says:

"Although it may not be necessary, within the constitutional provision, that the amount of compensation should be actually ascertained and paid before property is thus taken, it is, I apprehend, the settled doctrine, even as respects the State itself, that at least certain and ample provision must be first made by law (except in cases of public emergency), so that the owner can coerce payment through the judicial tribunals, or otherwise, without any unreasonable and unnecessary delay. Otherwise, the law making the appropriation is no better than blank paper."

In this State the constitution requires the payment of the compensation before the taking of the property can be given by law, and any statute or ordinance which purports to give the right to take private property before compensation is paid is unconstitutional and void; and the validity of every act, proceeding or judgment prior to payment is conditional upon payment being made, and void and of no effect if it is not made. It is the payment that gives the right to take; and, as soon as the property is taken, the property owner's right to immediate payment is fixed. The compensation is then

due.  Cook v. South Park Commissioners, 61 Ill. 115; People v. McRoberts, 62 Ill. 38–45; City of Chicago v. Barbian, 80 Ill. 484–6; Schreiber v. C. & E. R. R., 115 Ill. 340; Phillips v. South Park Commissioners, 119 Ill. 626.

MORAN, J.    This was an action to recover from the city for the value of a strip of land which it had appropriated for the purpose of a public street.

In pursuance of an ordinance providing for opening and widening the street in question, a petition for condemnation of this strip with other land was filed in the Superior Court on October 6, 1881, and the compensation to be paid for the land was fixed at $950.  It was proved that the city took possession of the land April 9, 1881, some six months prior to the filing of the condemnation petition, and the court in this suit allowed interest on the value of the land from the date of such taking possession, and rendered judgment against the city for the value of the land and such interest in the amount of $1,349.

The ordinance authorizing the condemnation provided that the improvements should be made, " and the costs thereof paid for by a special assessment to be levied on the property benefited thereby to the amount that the same may be legally assessed therefor, and the remainder of such costs to be paid by general taxation," and the city offered to prove that it had been unable to collect the special assessment levied to pay for the improvements, and counsel for the city now contend that this case is governed by The People v. Hyde Park, 117 Ill. 462, and Village of Hyde Park v. Corwith, 112 Ill. 441.

We are of opinion that those cases do not control here. In those cases the ordinance declared that the entire cost of the improvement should be paid for wholly by special assessment, and the court declined to coerce the village into adopting another method of paying for the land to be taken.  Here such part of the cost of improvement as should not be levied on property benefited is to be paid by general taxation.  If, therefore, the city has not succeeded in finding property benefited, or has failed for any reason to collect assessment smade

on property being benefited, the deficiency is to be made up from the general fund.

The value of the land was due to the owner from the time the city took possession, and we think it simple justice to allow interest from that time.   Phillips v. South Park Commissioners, 119 Ill. 626.   The judgment of the Superior Court will be affirmed.

*Judgment affirmed.*